IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01291-BNB

ALAN SANDMAN,

     Applicant,

v.

RON WILEY, Warden, Federal Prison Camp – Florence,

     Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 15 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL

_____

Applicant Alan Sandman is a prisoner in the custody of the United States Bureau

of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado.  Mr. Sandman

initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant

to 28 U.S.C. § 2241.  In an order filed on July 7, 2009, Magistrate Judge Boyd N.

Boland directed Respondent to file a preliminary response limited to addressing the

affirmative defense of exhaustion of administrative remedies if Respondent intends to

raise that affirmative defense in this action.  On July 24, 2009, Respondent filed a

Preliminary Response to Petition for Writ of Habeas Corpus.  On July 29, 2009, Mr.

Sandman filed a reply to the preliminary response.

Mr. Sandman also has filed on July 21, 2009, a "Notice of Opposition & Protest

to the Assignment of This Case to a Magistrate Judge and to Judge Zita L. Weinshienk

Due to Prejudice and Bias" in which he asserts that Magistrate Judge Boland and the

Court are biased against him.  Mr. Sandman bases this assertion of bias on the fact

that the Court has dismissed a number of habeas corpus applications filed by federal prisoners, allegedly without consideration of the facts. On July 30, 2009, Mr. Sandman filed a "Notice of Motion for the Recusal of Magistrate Judge Boland and Judge Zita L. Weinshienk and Notice of Opposition to the Assignment to Magistrate Judge Boland and to Judge Zita L. Weinshienk due to Prejudice and Bias" in which he makes the same allegations. The Court will construe the documents filed on July 21 and July 30, 2009, liberally as motions to recuse pursuant to 28 U.S.C. §§ 144 and 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs.*

*Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted).  The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.  *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Sandman's allegation that the Court is biased against him simply because the Court has dismissed other habeas corpus actions filed by federal prisoners is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Therefore, the liberally construed motions to recuse will be denied.

The Court must construe the application and other documents filed by Mr. Sandman liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed.

Mr. Sandman first claims that prison officials at the Florence prison camp categorically are denying the review and transfer of eligible inmates to community corrections centers (CCCs) in violation of 18 U.S.C. § 3621(b).  According to Mr. Sandman, inmates with more than twelve months of their sentences remaining to be

3

served may be placed in a CCC.  Mr. Sandman alleges that he has sought and been denied consideration for a transfer to a CCC.

Mr. Sandman also claims that prison officials at the Florence prison camp categorically are denying eligible pre-release inmates more than six months in a residential re-entry center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21.  Mr. Sandman describes a "pre-release inmate" as an inmate with twelve months or less of his or her sentence remaining to be served.  Mr. Sandman contends that federal law allows pre-release inmates to be placed in an RRC for up to twelve months.  Respondent states that Mr. Sandman's projected release date is December 14, 2012, a statement Mr. Sandman does not contest.  Nevertheless, Mr. Sandman identifies himself in the application as a pre-release inmate and he states that he wants to spend the maximum amount of pre-release time in an RRC.

Mr. Sandman finally claims that prison officials at the Florence prison camp categorically are denying graduates of the BOP Residential Drug and Alcohol Program (RDAP) a twelve-month sentence reduction in conjunction with a twelve-month RRC placement in violation of federal law and prison regulations.  Mr. Sandman asserts that he will not receive this benefit if he decides to attend the RDAP.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies.  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

4

The BOP administrative remedy procedure is available to Mr. Sandman. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

According to Respondent, Mr. Sandman has not filed any administrative remedy requests during his incarceration relevant to the claims he is raising in this action. Mr. Sandman concedes in the application that he has not exhausted administrative remedies. However, he argues in his reply to Respondent's preliminary response that he is not required to exhaust administrative remedies because he is challenging only the validity of various BOP policies and regulations and not the application of those BOP policies and regulations to his particular circumstances.

If Mr. Sandman is not seeking his own immediate or speedier release from custody based on the manner in which the BOP policies and regulations in question have been applied to his individual circumstances, he may not raise his claims in this habeas corpus action. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Therefore, Mr. Sandman can challenge the BOP policies and regulations in question in this habeas corpus action only if those policies and regulations somehow

impact the length of his custody.  Construing the application liberally, the Court finds that Mr. Sandman is challenging the BOP decisions that allegedly have denied him a transfer to a CCC and pre-release placement in an RRC for more than six months.  As a result, the Court finds that he must exhaust administrative remedies before he may pursue those claims in this habeas corpus action.

Mr. Sandman also asserts in the application and an accompanying "Notice of Motion for the Court to Take Judicial Notice . . ." (doc. #3) that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile.  He contends that exhaustion would be futile because the BOP has predetermined the issue.  Mr. Sandman alleges in support of this contention that no inmate at the Florence prison camp has been granted an RRC placement longer than six months and that prison officials at the Florence prison camp categorically deny inmate requests for transfers to a CCC.  Mr. Sandman also refers to a BOP memorandum that allegedly limits RRC placements to six months absent unusual or extraordinary circumstances in support of his futility argument.

The exhaustion requirement may be waived if exhaustion would be futile.  *See* *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow."  *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998).  In the instant action, Mr. Sandman fails to convince the Court that exhaustion of administrative remedies would be futile.

Mr. Sandman's conclusory assertions that Florence prison officials have not granted any inmate at the Florence prison camp an RRC placement longer than six

months and categorically deny inmate requests for transfers to a CCC are insufficient to demonstrate exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."). Of course, even if Florence prison officials categorically are denying maximum pre-release RRC placements to eligible inmates and categorically are denying inmate requests for transfers to a CCC, those facts alone would not demonstrate that exhaustion of administrative remedies is futile because the BOP administrative remedy procedure includes two levels of review beyond institution staff.

The BOP memorandum referenced by Mr. Sandman also fails to demonstrate that exhaustion would be futile because Mr. Sandman states that the memorandum allows for RRC placements that exceed six months in appropriate circumstances. The fact that those circumstances must be deemed unusual or extraordinary in order to warrant a placement greater than six months does not change the fact that RRC placements greater than six months are permitted.

In conclusion, the Court finds that Mr. Sandman fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. Nothing in the Court's file indicates that Mr. Sandman cannot be considered for a transfer to a CCC, cannot be considered for pre-release placement in an RRC for up to twelve months, or will not be considered for a sentence reduction in conjunction with a maximum RRC placement if he decides to attend RDAP. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

7

ORDERED that the "Notice of Opposition & Protest to the Assignment of This

Case to a Magistrate Judge and to Judge Zita L. Weinshienk Due to Prejudice and

Bias" filed on July 21, 2009, and the "Notice of Motion for the Recusal of Magistrate

Judge Boland and Judge Zita L. Weinshienk and Notice of Opposition to the

Assignment to Magistrate Judge Boland and to Judge Zita L. Weinshienk due to

Prejudice and Bias" filed on July 30, 2009, which the Court has construed as motions to

recuse, are denied.  It is

FURTHER ORDERED that the habeas corpus application is denied and the

action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 14 day of _____Sept._____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01291-BNB

Alan Sandman
Reg No. 19995-047
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Julian G. Villaseñor
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

       I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on 9|15|09



GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk